UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM CRUZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge Joan B. Gottschall |
| v. | ) | |
| | ) | Case No. 12 C 6665 |
| THOMAS DART, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Defendants' Motion for Summary Judgment [25] is denied. For details, see below. To resolve the question of whether Plaintiff has exhausted his administrative remedies, the court will hold a *Pavey* hearing. Parties are to appear for a status hearing on 12/13/2013 and should be prepared to discuss a schedule for the hearing and any discovery necessary to prepare for the hearing.

## STATEMENT

Plaintiff William Cruz filed a complaint on August 20, 2012, against Cook County Sheriff Thomas Dart, Lieutenant Johnson, and Corrections Officer Cox. Cruz alleges, pursuant to 42 U.S.C. § 1983, that the defendants exhibited deliberate indifference to his serious medical needs and denied him adequate medical care. Cruz claims that on April 19, 2012, and again on April 25, 2012, while he was a pre-trial detainee at the Cook County Jail, he suffered from episodes of priapism, each lasting more than fourteen hours. He alleges that the defendants failed to promptly attend to his condition, and that, as a result, he endured excruciating pain, underwent two surgical procedures that could have been avoided, and suffered injuries including tissue damage, impotence, and psychological harm.

The defendants have moved for summary judgment on the basis of Cruz's failure to exhaust his administrative remedies, as required by the Prison Litigation Reform Act ("PLRA"),

42 U.S.C. § 1997e(a). The PLRA prohibits a prisoner from bringing a civil action in federal court pursuant to 42 U.S.C. § 1983 concerning "prison conditions" until "such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). *See Woodford v. Ngo*, 548 U.S. 81, 85 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory.").

Summary judgment is appropriate if the defendants can show that there is no genuine dispute as to any material fact relevant to the exhaustion issue and that they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Smith v. Hope Sch.*, 560 F.3d 694, 699 (7th Cir. 2009). "[A] factual dispute is 'genuine' only if a reasonable jury could find for either party." *SMS Demag Aktiengesellschaft v. Material Scis. Corp.*, 565 F.3d 365, 368 (7th Cir. 2009). For purposes of the motion, the court construes all facts and makes all reasonable inferences in the light most favorable to Cruz, as the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The following facts are taken from the defendants' Rule 56.1 Statement of Facts ("SOF").[1] Cruz entered the Cook County Jail on February 20, 2012. The Cook County Jail had

---

[1] The defendants contend that Cruz's arguments should be disregarded because, while Cruz filed a response to the defendants' Rule 56.1 SOF, disputing certain of the defendants' facts, he did not file his own Statement of Additional Facts. But Cruz was not required to do so. *See Doe v. Cunningham*, 30 F.3d 879, 883 (7th Cir. 1994) ("A party is never required to respond to a motion for summary judgment in order to prevail since the burden of establishing the nonexistence of a material factual dispute always rests with the movant."). The defendants also object to Cruz's response to their SOF ¶ 8. They argue that the court should not consider the response because Cruz cites pages 36-41 of his deposition transcript, which was attached as an exhibit to the defendants' SOF. The defendants claim that they "cannot reasonably be expected to respond" to an argument based on six pages of deposition testimony. (Defs.' Reply in Supp. of Mot. Summ. J. 2 n.2, ECF No. 38.) Having reviewed the cited transcript, the court concludes that it is relevant to the issue in dispute. Although the proper method of disputing a fact is to cite to a specific page and line number of a transcript, reviewing six pages of a deposition is not an undue burden to place on the defendants, and the court will not exercise its discretion to strike Cruz's filings for failure to comply with the Local Rules or this court's standing order.

an established grievance procedure which was available to all detainees in 2012. Under the jail's procedures, if a detainee filed a grievance regarding an emergency medical need, jail command staff or the dispensary/medical unit were to be notified immediately. Cruz was familiar with the grievance process and filed at least three grievances while incarcerated at the Cook County Jail.

There is no grievance on file with the Cook County Department of Corrections that pertains to an alleged medical condition experienced by Cruz in April 2012. Correctional Rehabilitation Worker Laneshia Pondexter collected grievance forms from detainees on April 26, 2012. She stated in an affidavit that she did not collect a grievance form from Cruz on that date. (Defs.' SOF Ex. 3 (Pondexter Aff.), ECF No. 26-3.) Cruz, however, testified at deposition that he gave a grievance to a social worker on or about August 26, 2012, stating that he was denied medical attention. He testified that he was unable to make a copy of the grievance. Cruz testified that Lieutenant Johnson responded in writing to the grievance by stating that it was not a medical emergency, and that Cruz then signed the appeal portion of that response. (Def.'s SOF Ex. 1 (Cruz Dep.) 36-41, ECF No. 26-1.) Cruz testified that he was unable to make and preserve a copy of the response he received. He stated that he repeatedly asked Pondexter about the status of his grievance and heard nothing. (*Id.* at 41.)

The Seventh Circuit has instructed that in cases in which exhaustion is contested, the district court should conduct a hearing on the issue. *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). Based on the evidence presented at the hearing, as the appellate court explained,

> If the judge determines that the prisoner did not exhaust his administrative remedies, the judge will then determine whether (a) the plaintiff has failed to exhaust his administrative remedies, and so he must go back and exhaust; (b) or, although he has [not exhausted] administrative remedies, the failure to exhaust was innocent (as where prison officials prevent a prisoner from exhausting his remedies), and so he must be given another chance to exhaust (provided that there exist remedies that he will be permitted by the prison authorities to exhaust, so

  that he's not just being given a runaround); or (c) the failure to exhaust was the prisoner's fault, in which event the case is over.

*Id.*

  Cruz argues that he has presented sufficient evidence that he exhausted the administrative remedies that were available to him at the Cook County Jail to defeat the defendants' motion for summary judgment. He points to his deposition testimony stating that he prepared a grievance with respect to his medical condition, gave the grievance to jail personnel, and then attempted to appeal Lieutenant Johnson's denial of the grievance. The court agrees that the record presents a factual dispute as to whether Cruz exhausted his administrative remedies and whether he was prevented by the actions of jail personnel from doing so. When an inmate is prevented from submitting a grievance, or correctional personnel fail to respond to the grievance, administrative remedies are rendered unavailable. *See Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004); *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002). If administrative remedies are unavailable, they are deemed exhausted for purposes of § 1997(e)(a). *Lewis*, 300 F.3d at 833. The conflict in the record as to whether administrative remedies were available to Cruz with respect to his medical grievance necessitates a *Pavey* hearing on the exhaustion issue.

  Cruz further argues that the court need not hold a *Pavey* hearing. He contends that he is not required to exhaust administrative remedies because he has been released from custody, making any defense based on failure to exhaust moot. Cruz is correct that the PLRA does not apply to suits by former prisoners. *Kerr v. Puckett*, 138 F.3d 321, 323 (7th Cir. 1998). But whether a plaintiff is considered to be a prisoner under the PLRA is determined by reference to his status when the action was initiated. *Witzke v. Femal*, 376 F.3d 744, 750 (7th Cir. 2004) ("In determining whether a plaintiff is a 'prisoner confined in jail,' [under the PLRA] we must look to the status of the plaintiff at the time he brings his suit." (emphasis added)).

4

Cruz points out that other district courts have declined to impose an exhaustion requirement on a plaintiff who is no longer in custody because, after his release, grievance procedures are no longer available to him. *See, e.g.*, *Morris v. Eversley*, 205 F. Supp. 2d 234, 241 (S.D.N.Y. 2002); *Liner v. Goord*, 115 F. Supp. 2d 432, 434 (S.D.N.Y. 2000). The court's own research, however, indicates that this is not the majority approach. *See, e.g.*, *Ahmed v. Drogovich*, 297 F.3d 201, 210 (3d Cir. 2002) (holding that former prisoner was bound by the PLRA because his complaint was filed before he was released from prison); *Banks v. York*, 515 F. Supp. 2d 89, 106 n.7 (D.D.C. 2007) ("Notwithstanding his release, plaintiff was still incarcerated [when the action was filed], and he is therefore subject to the requirements of the PLRA."). Nor is it consistent with the directive in *Witzke* to "look to the status of the plaintiff at the time he brings his suit." 376 F.3d at 750.

Cruz states in an affidavit that he was released from the Illinois Department of Corrections on June 28, 2013. This was nearly a year after he filed the complaint initiating this case. The complaint indicates that at the time of filing, Cruz was confined by the Cook County Department of Corrections. Because Cruz's complaint was filed while he was still in Cook County's custody, the court concludes that Cruz was required to comply with the PLRA's exhaustion requirements and was thus required to follow the grievance procedures established by the Cook County Jail. If, based on evidence presented at the *Pavey* hearing, the court concludes that Cruz failed to exhaust administrative remedies, but that the failure to exhaust was innocent, the court will consider the fact that Cruz is no longer in custody in determining whether any further exhaustion requirement should apply to him. *See Pavey*, 544 F.3d at 742.

**CONCLUSION**

Because a dispute of fact exists as to whether Cruz exhausted his administrative remedies, the defendants' motion for summary judgment is denied. To resolve the exhaustion issue, the court will hold a *Pavey* hearing. Parties are to appear for a status hearing on 12/13/2013 and should be prepared to discuss a schedule for the hearing and any discovery necessary to prepare for the hearing.

                                        ENTER:

                                        /s/
                                      JOAN B. GOTTSCHALL
                                      United States District Judge

DATED: December 4, 2013