# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WILLIAM CRUZ, | ) |
| Plaintiff, | ) |
| | ) Judge Joan B. Gottschall |
| v. | ) |
| | ) No. 12 CV 6665 |
| SHERIFF THOMAS DART, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION & ORDER

Plaintiff William Cruz ("Cruz"), who is proceeding with the assistance of recruited counsel, filed an amended complaint on April 16, 2014, against Cook County Sheriff Thomas Dart ("Sheriff Dart"), the Office of the Sheriff of Cook County ("Sheriff's Office"), and three individual corrections officers. Cruz alleges, pursuant to 42 U.S.C. § 1983, that the defendants exhibited deliberate indifference to his serious medical needs and denied him adequate medical care that resulted in Cruz enduring excruciating pain, undergoing two avoidable surgical procedures, and suffering tissue damage, impotence, and psychological harm. Defendants Sheriff Dart and the Sheriff's Office (collectively, "Defendants") seek to: (1) strike the claim against the Sheriff's Office on the grounds that it is duplicative, (2) dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) and, (3) strike Cruz's request for punitive damages made against Sheriff Dart in his official capacity. For the reasons stated below, the court grants and denies the motion in part.

## I. FACTS

The court draws the following facts from Cruz's amended complaint and accepts

them as true for purposes of the motion to dismiss. *See Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 946 (7th Cir. 2013).

Cruz entered Cook County Jail ("CCJ") on February 20, 2012 and was housed in Division X (Ten). Cruz claims that on April 19 and April 25, 2012, he suffered from two episodes of priapism[1], each lasting more than fourteen hours, while he was a pre-trial detainee.

Cruz's first priapism occurred at approximately 10:00 P.M. on April 18, 2012. Correctional Officer Michael Burkhart ("Burkhart") was assigned to guard inmates in the division that housed Cruz during the time Cruz experienced priapism. During Burkhart's shift, Cruz allegedly asked Burkhart to send him to the infirmary or otherwise obtain medical attention for Cruz. According to Cruz, Burkhart refused to send Cruz to the infirmary and failed to contact any health care providers for several hours.

On April 25, 2012, Cruz suffered another priapism beginning at 4:00 A.M. Correctional Officer P. Martin ("Martin") was assigned to guard inmates in Cruz's division until 7:00 A.M. Cruz asked Martin to be sent to the infirmary or obtain medical attention for Cruz. Martin denied Cruz's requests. At 7:00 A.M., Correctional Officer Sharon Cox ("Cox")'s shift in Cruz's division began. During Cox's shift, Cruz asked Cox to send him to the infirmary or otherwise obtain medical attention. Allegedly, Cox refused for several hours.

On both April 19 and April 25, 2012, Cruz was eventually taken to the Cermak Hospital Health Care Unit. Once he arrived, he alleges, he was forced to wait for hours

---

[1] A priapism is a prolonged erection of the penis. It is unwanted, painful, and not caused by sexual stimulation or arousal. *See Priapism*, MAYO CLINIC, http://www.mayoclinic.org/diseases-conditions/priapism/basics/definition/con-20029378.

behind other inmate patients who did not have obvious urgent medical problems. He claims that as a result of this alleged policy of seeing patients in the Cermak Hospital Health Care Unit on a first-come, first-served basis, doctors failed to promptly attend to his condition. He alleges that as a result of the delay he endured excruciating pain, underwent two surgical procedures that could have been avoided, and suffered injuries including tissue damage, impotence, and psychological harm.

## II. LEGAL STANDARD

"A motion under 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 635 (7th Cir. 2012). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Thus, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Id*. This means that a complaint must contain sufficient factual content "to allow the court 'to draw a reasonable inference that the defendant is liable for the misconduct alleged.'" *Charleston v. Board of Trs. of Univ. of Ill. at Chicago*, 741 F.3d 769, 772 (7th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Put differently, a complaint "must provide enough details about the subject matter of the case to present a story that holds together." *Mehta v. Beaconridge Improvement Ass'n*, 432 Fed. Appx. 614, 616 (7th Cir. 2011) (citing *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)); *Swanson v. Citibank*, 614 F.3d 400, 404 (7th Cir. 2010)). The court asks "whether the story could have happened, not whether it did." *Swanson* at 404.

## III. ANALYSIS

### A. The Claims Against The Sheriff's Office

As a threshold matter, Defendants argue that the court should dismiss the Sheriff's Office from the complaint. Cruz has sued both the Sheriff's Office and Sheriff Dart in his official capacity, and Defendants argue that this is duplicative.

Section 1983 creates a cause of action against "[e]very person, who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Suing a "government employee in his official capacity is akin to suing the entity that employs him and the standard for liability is the same." *Second Amendment Arms v. City of Chicago*, No. 10-CV-4257, 2012 WL 4464900, at *4 (N.D. Ill. Sep. 25, 2012). Thus, "naming the official capacity defendants in addition to the [government entity], the true party in interest, is redundant and fails to state a separate claim for relief." *Id*. (citation omitted). "Naming either is sufficient. Naming both is redundant." *Id*. (citing *Harris v. Denver Health Med. Ctr.*, No. 11-CV-1868, 2012 WL 1676590, at *7 (D. Colo. May 10, 2012)).

In this case, then, suing both Sheriff Dart and the Sheriff's Office is redundant. Because naming either is sufficient, the court grants Defendants' motion to dismiss the Sheriff's Office of Cook County from the complaint.[2] In the discussion that follows, the

---

[2] The court notes that it appears that "a county in Illinois is a necessary party in any suit seeking damages from an independently elected county officer [*e.g.*, sheriff] in an official capacity." *Carver v. Sheriff of LaSalle County, Illinois*, 324 F.3d 947, 948 (7th Cir.

4

court will refer to only Sheriff Dart, rather than to both Sheriff Dart and the Sheriff's Office.

**B. The *Monell* Claim**

Under *Monell*, when "the execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts may fairly be said to represent official policy, inflicts the injury . . . the government as an entity is responsible under § 1983." *Monell v. Dep't of Social Services of City of New York*, 436 U.S. 658, 694 (1978). A plaintiff who alleges a *Monell* claim of a widespread policy or practice must "plead facts that show 'that there is a true municipal policy at issue, not a random event. If the same problem has arisen many times and the municipality has acquiesced in the outcome, it is possible (though not necessary) to infer that there is a policy at work.'" *Liska v. Dart*, No. 13-C-1991, 2014 WL 3704635 at *10 (N.D. Ill. July 23, 2014) (citation omitted). The Seventh Circuit has not stated that conduct must occur a specific number of times for the court to impose *Monell* liability. *Id*.

To survive a motion to dismiss, plaintiff must "plead factual content that allows the court to draw the reasonable inference that the [government entity at issue] maintained a policy, custom, or practice" that caused the violation of the plaintiff's constitutional rights. *Id*. On a motion to dismiss, the court's inquiry is limited to whether there are facts sufficiently pled to allow the court "to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Charleston v. Board of Trs. of Univ. of Ill. at Chicago*, 741 F.3d 769, 772 (7th Cir. 2013).

---

2003). "Because state law requires the county to pay, federal law deems [the county] an indispensible party to the litigation [under Fed. R. Civ. P. Rules 17 and 19]." *Id*. If Cruz wishes to amend his complaint to include the county as a party, he must file an appropriate motion.

5

Here, Cruz alleges that Sheriff Dart, in his official capacity, "had a policy [and practice] of seeing patients in the Cermak Hospital Health Care Unit on a first-come first-served basis, regardless of the urgency of their presenting medical condition." (Amended Complaint at 2, ECF No. 54.)[3] Cruz further alleges that as a result of this policy he "was forced to wait for hours behind other inmate patients at the Cermak Hospital Health Care Units who did not have obvious urgent or emergent medical problems." (*Id.*) This wait, he claims, led to hours-long delays on two separate occasions that ultimately resulted in him being subjected to avoidable surgical procedures. (*Id.*)

Defendants argue that "[Cruz] relies on unsupported conclusory allegations, devoid of any factual support, to support his claim that there is a policy or practice that was deliberately indifferent to Plaintiff's medical needs." (Def. Motion to Dismiss at 2, ECF No. 57.) According to Defendants, the court should "not accept 'naked assertions' devoid of any factual enhancement or where the plaintiff has merely pled facts consistent with a defendant's liability." (*Id.* at 4.)

The court disagrees with Defendants' characterization of Cruz's claims. Cruz's complaint articulates both the alleged policy at issue and the harm he suffered as a result of the alleged policy. Cruz draws a clear connection between the Health Care Center's policy of "seeing patients . . . on a first-come first-served basis" and the harm he suffered (delayed medical attention that allowed his symptoms to worsen and resulted in physical and psychological injury). Cruz states in his complaint that he was "forced to wait hours" behind other inmate patients who did not appear to have urgent medical conditions. At this stage of the proceedings, this is sufficient. Although discovery may belie Cruz's

---

[3] Presumably, Cruz means that Sheriff Dart had a policy requiring providers of medical care to see patients on a first come, first-served basis.

allegation that a policy or practice exists of seeing patients in the order in which they present themselves at the Health Center, it is premature for the court to dismiss the complaint. *See Falk v. Perez*, 973 F.Supp.2d 850, 864 (N.D. Ill. 2013) (finding dismissal appropriate only when plaintiff "merely states boilerplate legal conclusions that are the elements of [his] *Monell* claim.").

Furthermore, it is difficult for the court to understand how Cruz could be more specific in his allegations, given that his complaint arose while he was incarcerated with limited access to information and experiencing a medical emergency. Cruz's allegations that he was forced to wait hours before being seen at the Cermak Health Center on two different occasions while he witnessed other inmates receive treatment before him provide "enough details about the subject matter of the case to present a story that holds together." *Mehta*, 432 Fed. Appx. at 616. For these reasons, the court finds that Cruz has stated a plausible claim against Sheriff Dart for an alleged policy related to the provision of medical care. The court thus denies Defendants' motion to dismiss for failure to state a claim.

**C. Punitive Damages**

As a final issue, Defendants argue that punitive damages sought against Sheriff Dart should be dismissed or otherwise stricken. Cruz's response to Defendants' motion to dismiss does not address this argument.

As discussed above, an official capacity suit is equivalent to a claim against the government entity itself. *See Second Amendment Arms v. City of Chicago*, 10-CV-4257, 2012 WL 4464900, at *4 (N.D. Ill. Sep. 25, 2012). A municipality "is immune from punitive damages under 42 U.S.C. § 1983." *City of Newport v. Fact Concerts, Inc.*, 453
7

U.S. 247, 271 (1981). Accordingly, Defendants' request that punitive damages sought against Sheriff Dart in his official capacity be stricken or otherwise dismissed is granted.

## IV. Conclusion

For the reasons set forth in this Order, the court (1) grants Defendants' motion to dismiss the Sheriff's Office from this case, (2) denies Defendants' motion to dismiss the complaint for failure to state a claim upon which relief can be granted, and (3) grants Defendants' motion to strike Cruz's prayer for relief for punitive damages made against Sheriff Dart in his official capacity. The parties are to appear for a status hearing in courtroom 1858 on November 20, 2014 at 9:30 A.M.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: October 29, 2014